UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PREMIER HOME CARE, LLC,

        Plaintiff,

v.

        Case No. 24-cv-12889
        Honorable Linda V. Parker

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

This is an action for "no fault" benefits for services Plaintiff Premier Home Care, LLC ("Premier") provided to Ethan Craig, an insured under a policy issued by Defendant State Farm Mutual Automobile Insurance ("State Farm"). On September 16, 2024, Premier filed its Complaint against State Farm in Michigan state court, which State Farm thereafter removed to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1132. Premier has now moved to remand the matter to state court, asserting that diversity is lacking because this is a "direct action" pursuant to which State Farm's citizenship is that of its insured. (ECF No. 7.) State Farm argues in response that this is not a direct action. (ECF No. 8.) The Court agrees with State Farm and, therefore, is denying Premier's motion.

**Background**

Ethan, a Michigan citizen, was seriously injured in a motor vehicle accident in March 2020. (ECF No. 1-1. at PageID. 17 ¶ 7.) As a result of his injuries, Ethan has required in-home nursing and home health aide services, which have been provided by Premier. (*Id.* at PageID. 18 ¶ 12.) Premier is a Michigan citizen based on the citizenship of its member, Robert Jones. (*See* ECF No. 5 at PageID. 59.) At the time of the motor vehicle accident, Ethan was insured under a "no fault" insurance policy issued by State Farm. (ECF No. 1-1 at PageID. 17 ¶ 4.)

## Applicable Law & Analysis

Federal diversity jurisdiction arises where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens of different states." 28 U.S.C. § 1332(a)(1). The "direct action" provision of § 1332 provides, in relevant part:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> (A) every State and foreign state of which the insured is a citizen[.]

28 U.S.C. § 1332(c)(1). According to this provision, if the present matter is a direct action, State Farm's citizenship would be Michigan, where Ethan and his mother, the policy holder, are citizens. It is not, however.

2

As the Sixth Circuit Court of Appeals has explained: "Section 1332(c)(1) refers to situations where the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, on the issue of liability." *Estate of Monahan v. Am. States Ins. Co.*, 75 F. App'x 340, 343 (6th Cir. 2003); *see also Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 908, 910 (6th Cir. 2014) (confirming that "[t]he direct action proviso of § 1332(c)(1) does not apply to suits brought by an insured against her own insurer because such a suit is not a 'direct action against the insurer of a policy or contract of liability insurance'"). The purpose of the "direct action" provision, the court went on to explain, is "to prevent a plaintiff from end-running the diversity of citizenship requirement (where the tortfeasor hails from [the] plaintiff's state but the tortfeasors insurer does not) by suing the tortfeasor's insurer instead of the tortfeasor." *Estate of Monahan*, 75 F. App'x at 343. "The proviso was adopted by Congress in response to state laws in Louisiana and Wisconsin that permitted injured plaintiffs to sue directly the insurers of tortfeasors without joining the tortfeasors as defendants." *Ljuljdjuraj*, 774 F.3d at 910 (citing *Ford Motor Co. v. Ins. Co. of N. Am.*, 669 F.2d 421, 425 (6th Cir. 1982)). These state "direct action" statutes resulted in "a flood of essentially local lawsuits clogging already crowded district court dockets." *Id.* at 910-11 (quoting *Ford*, 669 F.2d at 424).

Thus, a direct action is brought by an injured party against the tortfeasor's insured to determine the tortfeasor's liability. An insured's claim against his or her own insurer for coverage is not a direct action. *Ljuljdjuraj*, 774 F.3d at 911; *Lee-Lipstreu v. Chubb Grp. of Ins. Companies*, 329 F.3d 898, 898-900 (6th Cir. 2003) ("Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity—federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state."). The same is true of an action brought by a health care provider to recover benefits due to the insured, as the provider is simply standing in the shoes of the insured to seek coverage and not a determination of liability. *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 68 F. Supp. 3d 744, 755 (E.D. Mich. 2014) (concluding that a provider's lawsuit to recover no-fault payments for services rendered to an insurer's insured is not "the type intended to be captured by § 1332(c)(1)'s mandate"); *Spine, PLLC v. Nationwide Mut. Fire Ins. Co.*, No. 14-cv-14729, 2015 WL 1494618, at *3 (E.D. Mich. Mar. 31, 2015) (same).

As this is not the type of action addressed in § 1332(c)(1), State Farm does not assume the citizenship of its insureds. As State Farm is a citizen of Illinois (*see* ECF No. 1 at PageID. 5 ¶ 5) and Premier is a citizen of Michigan (ECF No. 5 at PageID. 59), this Court has diversity jurisdiction over this action.

4

Accordingly,

**IT IS ORDERED** that Premier Home Care, LLC's motion to remand (ECF No. 7) is **DENIED**.

                                                s/ Linda V. Parker  
                                                LINDA V. PARKER  
                                                U.S. DISTRICT JUDGE

Dated: December 12, 2024